## JEFFERSON HOTEL CO. v. JEFFERSON STANDARD LIFE INS. CO.

### No. 5726.

District Court, E. D. Missouri, E. D.

April 29, 1948.

Goodbar & Ferriss and Henry T. Ferriss, all of St. Louis, Mo., for plaintiff.

Salkey & Jones, Wilbur B. Jones, and Dave L. Cornfeld, all of St. Louis, Mo., for defendant.

HULEN, District Judge.

This case results from payment by plaintiff to defendant of plaintiff's promissory note. Plaintiff charges defendant exacted $9,265.15 overpayment in interest. This action is for recovery of claimed overpayment.

### Findings of Fact.

On October 1, 1944, defendant loaned plaintiff $1,600,000.00 at 4½% interest, evidenced by promissory note, secured by

first mortgage on plaintiff's hotel building and fixtures in St. Louis. The note provided for quarterly payments of $30,000.00 to be applied first to interest and remainder on principal. Additional payments on the principal might be made at the option of the maker of the note. The option provision, which is the basis of plaintiff's claim, reads as follows:

"The maker hereof has the non-cumulative option and privilege of paying on any interest date additional amounts in multiples of One Thousand Dollars ($1,000.00) on the principal, which, together with the principal payments required on the loan shall not exceed Two Hundred Thousand Dollars ($200,000.00) in any consecutive twelve months' period, commencing as of October 1, of any year, and terminating September 30 of the succeeding year. One-half (½) of the curtailments paid, over and above the curtailments required, shall be applied to the last maturing principal installments of this note, and the other half shall be applied to the first maturing principal installments of this note, and interest shall thereafter be payable only on the unpaid balance.

"The maker hereof has the option and privilege of paying this note in full on any interest date on and after October 1, 1947 by paying the then unpaid principal balance plus a five per cent (5%) prepayment fee thereon, and also paying all accrued interest."

In the Fall of 1947 plaintiff gave notice that it would pay the balance of principal and interest due on the note on October 1, 1947, and offered defendant $1,381,138.-30 for that purpose. Plaintiff reached its conclusion of the amount due on the note as of October 1, 1947, in the following manner:

| | |
|---|---:|
| Amount payable October 1, 1947, at par | $ 200,000.00 |
| Balance of loan | 1,110,318.76 |
| 5% premium thereon | 55,515.94 |
| Accrued interest, July 1–October 1, 1947 | 15,303.60 |
| Total | $1,381,138.30 |

Defendant refused the tender and demanded $9,265.15 in addition to the amount offered by plaintiff. The $9,265.15 represents 5% interest on $200,000.00, less adjustment, and defendant not charging 5% on that portion of the $30,000.00 compulsory payment due October 1, 1947, credited to principal.

Plaintiff contends, under the option provisions of the note it could pay up to $200,000.00 on the principal of the note in any twelve months' period, on any interest payment date, and without paying 5% prepayment penalty on such sum, exercise the option to pay the remainder of the principal of the note on the same interest payment date. Defendant claims the two options cannot be exercised on the same interest payment day.

On January 14, 1944, during the negotiations for the loan defendant stated what the option terms of the loan note would be in a letter to its local agent, which was shown to plaintiff:

"We wired you on January 12 that the Jefferson Hotel Company would be required to pay $36,000 every three months to be applied first to interest at the rate of 4½% and balance to principal. Also that applicant had the option to pay on any interest date additional amounts in multiples of $1,000 on the principal, which together with the principal payments we required on the loan would not exceed $200,000 in any one year. The one year periods would be from date of loan to the same date twelve months hence and would not be from January 1 to January 1 each year. The option to pay additional principal curtailments would be non-cumulative." (Plaintiff's Exhibit 3)

In this letter no reference is made to the option to pay balance of principal by payment of a 5% penalty, although it is referred to in the wire of "January 12". The telegram referred to in the letter, also exhibited to plaintiff, contains this language:

"Applicant to have the option of paying up to two hundred thousand dollars in multiples of one thousand dollars a year on the principal, however the total amount of principal payments, including the required curtailments is not to exceed two hundred thousand dollars for any one year. Appli-

cant to have the option of paying in full on any interest date after three years by paying a five percent prepayment privilege on the unpaid balance." (Plaintiff's Exhibit 2)

By letter of January 28, 1944, defendant instructed its local counsel to prepare the note. The letter of instruction, copy of which was delivered to plaintiff, recited:

"Papers are to be prepared for $1,700,-000.00 payable in 16 years, with interest at 4-½% payable quarter-annually. $36,-000.00 is to be paid quarterly to be applied first to interest at the rate of 4-½% and the balance to the principal indebtedness from time to time. We are to grant the borrower the non-cumulative option of paying, on any interest date, additional amounts in multiples of $1000.00 on the principal which, together with the principal payments required on the loan, shall not exceed $200,000.00 in any one year. The one year periods shall be from the date of our note and deed of trust to the same date 12 months hence and shall not be from January 1 to January 1, each year. One-half of the curtailments paid, over and above the curtailments required, shall be applied to the last maturing principal installments of the loan and the other half shall be applied to the first maturing principal installments.

"The borrower is also[1] to have the option of paying the loan, in full, on any interest date, after three years, by paying a 5% prepayment fee on the unpaid balance." (Plaintiff's Exhibit 4)

The note prepared by defendant's local counsel, in cooperation with plaintiffs' counsel, and executed by plaintiff, conforms to the letter of instruction and prior representations made by defendant regarding terms of the loan.

In negotiations for payment of the loan in 1947 plaintiff precipitated the question resulting in this suit by forwarding to defendant, on September 16th, a statement showing how it arrived at the sum of $1,381,138.30 as the amount that would be due to make a payment of $200,000.00

on principal and pay the remainder of the note on the October 1, 1947 interest payment date. This statement plainly shows plaintiff's desire to exercise the two options in the note, one to pay $200,000.00 on the principal free from the pre-payment penalty of 5%, and second to pay the remainder of the principal plus a 5% prepayment penalty. Defendant understood the letter as an attempt on plaintiff's part to exercise the two options contained in the note on the October 1, 1947 interest payment day. Defendant answered plaintiff's letter, rejected plaintiff's conclusion as to the amount that would be due on the note on October 1, 1947, and demanded $1,390,403.45 as the sum necessary to take up the note. Plaintiff replied to defendant's letter, recited the terms of the note and insisted it had the right to exercise both options on the same interest payment date. On September 22, 1947 defendant wrote the plaintiff:

"We agree with you in that *you have a perfect right to pay as much as $200,000 on principal October 1, 1947*, and there cannot be any objection to your paying the balance of the indebtedness January 1, 1948 with a five percent fee. We do not think you can exercise both options at the same time." (Plaintiff's Exhibit 3; emphasis added)

Defendant stood fast in its position. Plaintiff had made a commitment to take a new loan from the Massachusetts Mutual Life Insurance Company of $1,600,000.00 and served notice on its holders of second mortgage bonds that they would be retired on October 1, 1947. The proceeds of the new loan were to pay defendant and the second mortgage bonds. Failure to pay the second mortgage bonds after call constituted default under the terms of the second mortgage. Plaintiff therefore found itself in a position where to have continued the loan with defendant probably would cause it financial difficulties. The result was that plaintiff and defendant agreed that payment of interest by way of penalty on the $200,000.00 in

---

[1] In this letter we find the word "also" used, which, if any meaning is to be given its use, would indicate that instead of the term "non-cumulative" restricting exercise of both options, that plaintiff "also" could exercise the principal payment option as well as the yearly option on the same day.

dispute would be without plaintiff waiving any rights to claim that they were entitled to pay the sum without penalty.

### Legal Conclusions

Negotiation surrounding making of the note and its payment throws some light on the interpretation the parties placed on the terms of the note.

■ "It is the law * * * that where ambiguity exists in a contract the construction the parties in their dealings and by their conduct have placed upon the terms will furnish the court with persuasive evidence of their meaning." Floyd v. Ring Const. Corporation, 8 Cir., 165 F.2d 125, 129.

■ Defendant has not pled waiver in its answer and we conclude that issue is not in the case. Federal Rules of Civil Procedure, Rule 8(c), 28 U.S.C.A. following section 723c.

■ The payment of 5% on the $200,000 by plaintiff was not a voluntary payment by the plaintiff.

■ The option provisions are to be strictly construed against plaintiff, in whose favor they run.[2]

■ Defendant places stress on use of the word "non-cumulative" appearing in the paragraph of the note providing for payments not to exceed $200,000 on principal during any twelve-months period commencing October 1st of any year. We think it plain, both from wording of the note and interpretation placed upon it by plaintiff and defendant, that the term "non-cumulative" does not and was not intended by the parties to refer to the next paragraph appearing in the note providing for payment of the balance of the principal on any interest payment date plus 5% prepayment penalty. After the controversy between plaintiff and defendant arose defendant informed plaintiff it had a "perfect" right to pay $200,000 on October 1, 1947, and to pay the balance of the principal of the note three months later on January 1, 1948.

We construe the note and the term "non-cumulative" appearing therein to refer to the paragraph in which it is used and the paragraph providing for quarterly payments and as authorizing the payment by plaintiff of up to $200,000 payment on the principal during any one year, free from the 5% penalty.

■ This leaves for determination— does the note, by its terms, prohibit exercise of the two options on the same interest payment date? The note plainly and specifically gives to plaintiff a right to pay $200,000 on principal during any one year on any interest payment date without penalty. This defendant conceded. The next paragraph of the note is equally specific that plaintiff has a right to pay the note in full on any interest payment date by paying a 5% prepayment penalty. To sustain defendant's position that the two options cannot be exercised on the same interest day we must find some language in the note on which to base such a ruling. We have searched in vain and are unable to find anything in the note stating directly or by implication that these two payments could not be made on the same date if the conditional facts are present, such as the tender being on an interest payment date and no part of the $200,000 yearly payment having been made during the year of tender. These conditional facts are not in dispute.

When the note was paid the defendant conceded plaintiff had a right to pay some $14,000 of principal without penalty. (See Plaintiff's Exhibit 18) Under the terms of the note this $14,000 would be included in the maximum of $200,000 which could be paid in any one year without penalty. The result of defendant's action is to construe the note, i.e., defendant could pay part of the $200,000 yearly payment without penalty, on an interest payment date, and on the same interest payment date that it paid the remainder of the principal. If plaintiff could pay part of the $200,000 without penalty and at the same time pay the balance of the principal with penalty

---

[2] Williston, Contracts (Rev.Ed.1936) Vol. 3, Sec. 621, p. 1788 N. 7 and cases cited; American Press v. City of St. Louis, 1926, 314 Mo. 288, 284 S.W. 482; Rutledge & Taylor Coal Co. v. Mermod, Jaccard & King Jewelry Co., 1922, 209 Mo.App. 292, 237 S.W. 849.

it must follow that plaintiff could pay the whole of the $200,000 without penalty.

Again defendant interpreted the note to provide that plaintiff had a *"perfect right"* to pay as much as $200,000 on the principal, "October 1, 1947," and to pay the balance of the indebtedness "January 1, 1948 with a 5% fee" on such payment. We find nothing in the note authorizing the defendant to select the interest payment dates on which payment shall be made under the respective options. There is nothing in the note providing that if plaintiff pays $200,000 as the yearly payment on the principal without interest that then plaintiff must wait three months before it can pay the balance of the note with the 5% penalty. The letter containing this statement is a plain admission on defendant's part that, under the terms of the note both options could be exercised in one year. Such being the case, where does defendant obtain its authority to say *how far apart* the options shall be exercised. We find none in the terms of the note. By its terms all parties are bound, including this Court.

Defendant argues the prepayment penalty was a precaution on its part to discourage exercise of option to pay the note because of the expense to it of making the loan and to reloan the money on its payment and the terms are not "unreasonable." We are not concerned with whether it was reasonable to exact a 5% penalty or $64,781.11 for prepayment of the note, except if defendant means to claim that to deny defendant 5% on the $200,000 would be so unreasonable as to shock the conscience of the Court. Such a claim would be without foundation. We conclude: Both options could be exercised during the same year as defendant concedes, and they could be exercised on the same interest payment date during the year. Defendant was without legal authority by the note to exact from plaintiff a prepayment penalty of 5% on any part of the $200,000 which under the option provision of the note plaintiff was permitted to pay on October 1, 1947, without penalty and plaintiff is entitled to judgment against defendant for such excess interest demanded by defendant and received from plaintiff.

Let a finding of fact be submitted as to the exact figures or balance of the $200,000 upon which penalty was collected, as a certain sum was allowed to be paid without penalty on the theory that it was a compulsory payment due at time of payment. Also submit form of judgment according to above.

NOTE.—Under amendment to Federal Rules of Civil Procedure, Rule 52(a), opinion may now contain findings of fact and conclusions of law and it was the purpose of the writer to so prepare this memorandum. If counsel observe any omission, other than one mentioned, a submission may be made.