The McALBURT CORPORATION, a body corporate, and Barclay Associates, Inc., a corporation, Appellants,

v.

EQUITABLE LIFE INSURANCE COMPANY, a body corporate, Appellee.

The McALBURT CORPORATION, a body corporate, Appellant,

v.

EQUITABLE LIFE INSURANCE COMPANY, a body corporate, Appellee.

Nos. 1851, 1852.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 6, 1956.

Decided Oct. 5, 1956.

H. Max Ammerman, Washington, D. C., for appellants.

Andrew T. Altmann, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Appellants borrowed large sums of money from appellee, giving therefor their promissory notes secured by deeds of trust. The notes, dated May 11, 1953, provided for monthly payments over a period of twenty years and contained the following provisions:

"The privilege is reserved to make additional payments on principal (provided each such additional payment is made together with a regular monthly payment on or before and with interest to the due date of such regular monthly payment) in an amount equal to one or more monthly payments on the principal that are next due; provided, however, that in no event shall the additional payments made on principal exceed 20% of the original amount of the note in any period of twelve consecutive months.

"The privilege is also reserved to prepay the indebtedness in full on the first day of July, 1953, or on any monthly payment date thereafter, provided that at the time of making such payment there shall also be paid, as consideration for the privilege of such prepayment, a sum equal to 2% of the unpaid principal balance.

"In the event of any prepayment of the indebtedness in full, the holder of the note shall be entitled to receive at least sixty days' written notice of intention to prepay."

On June 29, 1954, appellants gave the required sixty-day notice of their intention to prepay the loans. On August 11 they tendered to appellee 20% of the notes under the first privilege clause above set forth, and then tendered under the second privilege clause the balance plus the required 2%. Appellee refused to accept the 20% payment and insisted that if the notes were to be prepaid it was entitled to 2% on the entire principal then due. Under protest appellants made payment in accordance with appellee's demand. Thereafter they brought these actions on the ground that the 2% charge paid on 20% of the loans was wrongfully exacted. In one case the amount so exacted was $1,974.88; in the other it was $971.80.

In a memorandum opinion denying recovery the trial court ruled: "The sole question of interpretation raised in these suits is whether or not the plaintiff has a right to exercise both privileges in the two notes at the same time, that is, by *first* paying off 20% in principal curtails (without payment of the 2% penalty) and then on the same date by paying off the balances of the total debts plus 2% of said balances as consideration for the prepayment privilege. The court is of the opinion that the two 'privilege' provisions of the notes are mutually exclusive and cannot be exercised in sequence of time within a period of 12 months without payment of 2% of the total unpaid principal balance as consideration therefor."

It is plain that the notes gave appellants two privileges with respect to prepayment. The first gave the right to make additional payments without payment of any consideration, provided the additional payments did not exceed 20% of the original amount of the note in any period of twelve consecutive months. The second gave the right after a certain date to prepay in full, provided there was also paid an additional 2% of the then unpaid balance. Our ques-

tion is whether the terms of the note prohibit the exercise of both privileges at the same time. We find no such prohibition, either direct or implied. Appellee argues that unless the two privileges are mutually exclusive then no meaning can be ascribed to that part of the first privilege which provides that the additional payments shall not exceed 20% of the original amount of the note in any twelve months. We do not think this follows. The 20% limitation is expressly confined to the "additional payments" permitted without payment of consideration. There is nothing to indicate that such limitation has reference to prepayment in full under the second privilege, for which a consideration must be paid.

Our conclusion is that appellants had the right to exercise both privileges at the same time and that it was error to deny them recovery. Neither party to this appeal has cited to us any authority closely in point and we have found only one. That case is quite similar on the facts and its decision supports our conclusion. See Jefferson Hotel Co. v. Jefferson Standard Life Ins. Co., D.C.E.D.Mo., 77 F.Supp. 460.

Reversed with instructions to enter judgments for appellants.